# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GIFT CARD IMPRESSIONS, a Kansas Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>GROUP SERVICES LIMITED; PTI GROUP, INC.; TODD GRISOFF; and WARREN SCHAEFFER,<br><br>    Defendants. | Case No. 12-CV-2766-CM |

## MEMORANDUM AND ORDER

Defendant PTI Group, Inc. ("PTI") removed this action from state court solely on the basis of diversity jurisdiction. This matter is before the court on plaintiff's motion to remand (Doc. 11). Plaintiff argues that remand is necessary because PTI has not established complete diversity between plaintiff and all defendants. For the following reasons, the court denies plaintiff's motion and grants PTI ten (10) days to file an amended notice of removal.

## Diversity Allegations

The court agrees that PTI has not demonstrated facts supporting complete diversity. PTI has not established the citizenship of plaintiff, a limited liability company, because PTI has not shown the citizenship of plaintiff's members. *See Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001) (explaining that a limited liability company is considered a citizen of each state of which its members are citizens). PTI also failed to demonstrate the citizenship of defendants Group Services Limited, Todd Grisoff, and Warren Schaeffer. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (explaining that "diversity jurisdiction does not exist unless <u>each</u> defendant is a citizen of a different State from <u>each</u> plaintiff"). As such, PTI has not established the

-1-

facts supporting this court's jurisdiction. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (noting that the party invoking the federal court's jurisdiction bears the burden of establishing jurisdiction).

PTI contends that citizenship allegations for the other defendants are unnecessary under 28 U.S.C. § 1441(b) because these defendants were not served at the time of removal. This argument misapplies § 1441(b)(2), which provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This provision is a procedural requirement that relates to whether an action can be removed. It does not alter the requirement that complete diversity exist between all parties. This understanding is confirmed by the text, which expressly states that § 1441(b)(2) is not even triggered unless the action is "otherwise removable solely on the basis" of diversity jurisdiction.

Once this provision is triggered, it prevents a forum defendant from removing an action even when complete diversity is present. This limitation exists because one of the purposes of diversity jurisdiction—prejudice against out-of-state defendants—is not present when the defendant is local. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (explaining purpose of diversity jurisdiction). The "joined and served" language is included to prevent plaintiffs from foreclosing a defendant's ability to remove an action by naming a local defendant whom the plaintiff has no intention of serving or proceeding against. Accordingly, 28 U.S.C. § 1441(b)(2) does not authorize this court to ignore the citizenship of unserved defendants in determining diversity jurisdiction.[1] *See Boulter v. Citi Residential Lending*, No. 10-350, 2011 U.S. Dist. LEXIS 3794, at *7 (E.D. Okla. Jan.

---

[1] PTI argues that the citizenship of an unserved defendant need only be specified when the unserved defendant destroys complete diversity. This argument leaves unanswered the practical question of how the court would know the unserved defendant destroys complete diversity absent corresponding citizenship allegations.

-2-

14, 2011) ("[D]iversity of each defendant must be considered prior to removal, whether or not each defendant has been served.").

**<u>Appropriate Remedy</u>**

Plaintiff argues that PTI's failure to demonstrate complete diversity requires remand. The court disagrees. This court has discretion to allow PTI to file an amended notice of removal to fix insufficient citizenship allegations. *See Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299 (10th Cir. 1968) (confirming that district courts have discretion to allow amendments to specifically allege diversity jurisdiction). This discretion exists because remanding cases based on imperfect citizenship allegations "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend to unduly exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Id.* at 301.

PTI's opposition to plaintiff's motion includes evidence indicating that this court has diversity jurisdiction. This court prefers to decide issues on the merits and not based on mere technicalities. And plaintiff has not identified any prejudice resulting from PTI filing an amended notice. As such, the court exercises its discretion and grants PTI ten (10) days to file an amended notice of removal demonstrating complete diversity between the parties. This amended notice should include specific citizenship allegations for plaintiff[2] and all defendants.

The court additionally notes that PTI has not filed the state-court documents required by Local Rule 81.2. *See* D. Kan. Rule 81.2 (requiring party to file "all records and proceedings had in the state court" within twenty-one days of filing the notice of removal and authorizing remand for failure to comply with this rule); *Carrothers Constr. Co., Inc. v. USA Slide, Inc.*, No. 98-2097-JWL, 1998 U.S.

---

[2] PTI's opposition explains that plaintiff is a limited liability company with one member, BG Holdings, Inc., that is a Kansas corporation. PTI has not indicated BG Holding's principal place of business, although it appears to be in Kansas based Doc. 16-5. PTI should state BG Holding's principal place of business in its amended notice.

-3-

Dist. LEXIS 8311, at *2–3 (D. Kan. May 18, 1998) (remanding solely for non-compliance with Local Rule 81.2). PTI is ordered to file the required documents within ten (10) days.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that PTI is granted ten (10) days to file an amended notice of removal specifically alleging the citizenship of plaintiff and all defendants.

**IT IS FURTHER ORDERED** that PTI is required to file the state-court documents required by Local Rule 81.2 within ten (10) days.

Dated this 13th day of February, 2013, at Kansas City, Kansas.

\_\_s/ Carlos Murguia_____
**CARLOS MURGUIA**
United States District Judge