# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| GIFT CARD IMPRESSIONS, LLC | ) |
| Plaintiff, | ) |
| v. | ) 12-cv-02766-JAR-KMH |
| GROUP SERVICES LIMITED, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Gift Card Impressions, LLC ("GCI") filed suit against Defendants Group Services Limited ("GSL"), PTI Group, Inc. ("PTI"), Todd Grisoff ("Grisoff"), and Warren Shaeffer ("Shaeffer"), seeking damages related to the parties' business dealings in China. Plaintiff alleges claims for breach of contract against Defendant GSL, false invoicing against Defendant PTI, and civil conspiracy, fraudulent and negligent misrepresentation against all Defendants. This matter comes before the Court on Defendant GSL's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) (Doc. 9).[1] The motion is fully briefed, and the Court is prepared to rule. As explained more fully below, the Court quashes Plaintiff's service with respect to Defendant GSL, denies the motion to dismiss, and grants Plaintiff additional time to effect service of process on GSL.[2]

---

[1] The parties agree that the motion is moot with respect to defendants Grissoff and Schaeffer. Doc. 27.

[2] Defendants PTI, Grisoff and Shaeffer have also filed a Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. 24), which GSL purports to join in the event the Court denies the instant motion and determines service was proper or GSL is properly served pursuant to Fed. R. Civ. P. 4. Because the claims against GSL are central to Plaintiff's complaint, the Court defers ruling on the Rule 12(b)(6) motion until Plaintiff has effected service of process on GSL, as set forth in this Order.

**I.      Legal Standard**

The Court evaluates Defendant GSL's insufficient service claim under Rule 12(b)(5). Once a defendant raises a defense under Rule 12(b)(5), the burden shifts to the plaintiff to make a prima facie case that process was served properly.[3] When considering whether service was sufficient, a court may consider any "affidavits and other documentary evidence" submitted by the parties and must resolve any "factual doubts" in favor of the plaintiff.[4]

**II.     Background**

On March 22, 2012, Plaintiff, Defendants, and others entered into the Settlement Agreement (the "Agreement"). As part of the Agreement, Defendant GSL agreed to pay Plaintiff $106,500.58 in exchange for Plaintiff agreeing to release Defendants "from any and all debts, claims, demands, liabilities, personal injuries, obligations, [and] causes of action."[5] Included in the Agreement was Paragraph 5, which reads:

> GCI contends that it may have claims in China relating to the practice by Asian contract manufacturers of delegating GSL orders to other contract manufacturers for production, potentially at a profit. GSL promises to cooperate with and to reasonably assist GCI in the investigation and prosecution of any such claims.[6]

Plaintiff alleges that Paragraph 5 was "critical consideration" for the Agreement.[7] Under Paragraph 11 of the Agreement titled "Notices," "any notice or communication given or permitted under this Agreement" should be addressed to GSL as:

---

[3] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1259 (D. Kan. 2008).

[4] *Id.*

[5] Doc. 29 Ex. A at 3.

[6] *Id.* at 4.

[7] Doc. 1-1 at 6.

2

GROUP SERVICES LIMITED,
Attn: Todd Grisoff, Director
871 Midpoint Drive
O'Fallon, MO 63366[8]

On June 29, 2012, Plaintiff wrote GSL requesting documents pursuant to the provisions of Paragraph 5. Defendant GSL did not send the requested documents even after Plaintiff sent two additional letters, on July 19 and August 14. Plaintiff alleges that GSL's failure to send these documents violated Paragraph 5 of the Agreement and constituted "a material failure of consideration."[9] On November 5, 2012, Plaintiff filed suit in the Johnson County, Kansas district court, seeking to sue GSL on Count I over alleged breach of Paragraph 5 of the Agreement; Defendant PTI Group, Inc. on Count II over alleged false invoicing; and Defendants on Counts III through V over alleged civil conspiracy, fraudulent, and negligent misrepresentation. Plaintiff attempted to serve GSL via certified mail, return receipt requested, at the address listed in Paragraph 11 of the Agreement and quoted above. The service was accepted by a receptionist employed by Defendants PTI Group, Inc. Plaintiff's service of the other Defendants is not contested. Defendants removed the case to this Court on December 7, 2012.[10]

## III. Discussion

GSL argues that service was insufficient pursuant to Federal Rule of Civil Procedure 12(b)(5), and thus, this Court lacks personal jurisdiction justifying dismissal. Specifically, GSL argues that the O'Fallon, Missouri address is the headquarters of PTI, which is another entity

---

[8]Doc. 29 Ex. A at 6.

[9]Doc. 1-1 at 8.

[10]Doc. 1.

3

owned by Grissoff. Because GSL is a Chinese entity, it argues that service was not made on Grissof's "usual place of business" for GSL, which is where the business is located in Florida. Plaintiff counters that the O'Fallon address is identified as the point of contact in the Agreement, and because GSL has actual notice of this lawsuit, the substantial compliance standard applies. Alternatively, Plaintiff argues that in the event service was insufficient, dismissal is not the proper remedy, and requests additional time to perfect service under the Federal Rules after the case was removed from state court.

The Court need not address the question of whether O'Fallon is in fact GSL's "usual place of business," because Plaintiff's service did not substantially comply with K.S.A. § 60-304(e), making the service insufficient. A party has substantially complied with the service rules under Kansas law when, "notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property."[11] However, a party must still satisfy "some statutory method of service of process" before substantial compliance may apply,[12] and courts cannot adopt "new, judicially-created methods of serving notice beyond the methods established by the legislature."[13] Here, since GSL was made aware of the proceedings, the Court need only determine whether Plaintiff substantially complied with the relevant Kansas service statute.

The relevant Kansas service statute in this case requires service by return receipt delivery

---

[11] K. S. A. § 60-204.

[12] *Fisher v. DeCarvalho*, 260 P.3d 1218, 1227 (Kan. Ct. App. 2011); *see Haley v. Hershberger*, 485 P.2d 1321 (Kan. 1971).

[13] *Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 127 P.3d 319, 324 (Kan. 2006).

4

to an officer, partner or agent of that company at that person's "usual place of business."[14] Here, the type of service and the party who the service was addressed to are not in dispute. However, GSL argues that Plaintiff's service was not in substantial compliance with K.S.A. § 60-304(e) because the process was not sent to Defendant GSL's "usual place of business" or accepted by an authorized party.

Plaintiff's service of GSL in O'Fallon did not substantially comply with the "usual place of business" requirement because Plaintiff has failed to make a prima facie case that its service satisfied some "statutory method of service of process." In *White v. O'Dell Indus., Inc.*, the defendant, O'Dell, was served at an address which had been its place of business in the past, but was not any longer.[15] The court held that this location was not O'Dell's "usual place of business" because it was "virtually unfathomable that the Kansas legislature envisioned the term to encompass a place not occupied by the corporation for a year."[16] The plaintiff attempted to counter this by arguing that the address he delivered O'Dell's service to was its "usual place of business" because it had been provided to them by the Tennessee Secretary of State.[17] However, the court rejected this argument because this address was only given to the plaintiff as a response to its request for O'Dell's address, not "under the guise" of being O'Dell's "usual place of business" under K.S.A. § 60-304(e).[18]

Similar to *O'Dell*, there is no evidence in the record indicating that GSL ever operated in

---

[14] K. S. A. § 60-304(e)(3).

[15] No. 99-2315-JWL, 2000 WL 127267, at *3 (D. Kan. Jan. 14, 2000).

[16] *Id.* at *4.

[17] *Id.*

[18] *Id.*

O'Fallon. Plaintiff counters this by arguing that in Paragraph 11 of the Agreement, Defendant GSL represented to it that O'Fallon was its "usual place of business."[19] However, this argument is not persuasive because Paragraph 11 only states that Plaintiff could contact GSL at the O'Fallon address for "any notice or communication given or permitted to be given under this Agreement,"[20] not that this was GSL's "usual place of business." Thus, Plaintiff was not in substantial compliance with the requirement that GSL be served at its "usual place of business."

Even if Plaintiff had served GSL at its "usual place of business," service would still be insufficient because Plaintiff has failed to make a prima facie case that service was accepted by an authorized party. In *Pope v. Boy Scouts of America*, the court held that plaintiff's service on the Boy Scouts of America was insufficient because service was accepted by an administrative assistant for Quivira Council, which was a separate legal entity.[21] Similar to *Pope,* Defendant GSL and Defendant PTI Group are separate legal entities, the secretary who accepted Plaintiff's service was only authorized to accept service for Defendant PTI Group, and Plaintiff has put forth no evidence that the secretary was allowed to accept service on behalf of GSL. Thus, Plaintiff's service of process violated K.S.A. § 60-304(e) because an unauthorized party accepted service.

Accordingly, although GSL was aware of the proceedings against it, Plaintiff was not in substantial compliance with K.S.A. § 60-304(e) because Plaintiff's service did not satisfy "some statutory method of service," by failing to serve GSL at its "usual place of business" or having

---

[19]Doc. 27 at 4.

[20]Doc. 27-1 at 6.

[21]No. 06-2130-KHV, 2006 WL 3199423, at *2 (D. Kan. Nov. 3, 2006).

the service accepted by an authorized party.

Even though Plaintiff's service of GSL was insufficient under Kansas law, however, the Court will deny GSL's Motion to Dismiss pursuant to Rule 12(b)(5). "[W]hen a court finds service of process is insufficient but curable, it should generally quash the service and give the plaintiff an opportunity to re-serve the defendant."[22] After removal, federal law governs the course of the later proceedings.[23] When service is not effectuated before removal, service in accordance with the Federal Rules is not precluded.[24] Federal services rules provide multiple methods to effectuate service on a foreign corporation.[25] As Plaintiff notes in its response, service on GSL is possible under two scenarios: on Grisoff as an officer of GSL who conducts business on behalf of GSL within a judicial district of the United States, and on GSL at its "usual place of business" in China, in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, (Convention)[26] because China has signed the Convention.[27] Therefore, the Court will quash Plaintiff's service of GSL and allow Plaintiff to effect service of process on GSL under the Federal Rules within sixty (60) days of the date of this Order.

---

[22]*Riviera v. Riley Cnty. Law Bd.*, No. 11-cv-02067-JAR-JPO, 2011 WL 4686554, at *3 (D. Kan. Oct. 4, 2011).

[23]*Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).

[24]*Id*. (internal citations omitted).

[25]*See* Fed. R. Civ. P. 4(h)(1)(A) (providing for service on a foreign corporation within a judicial district of the United States as prescribed in Rule 4(e)(1); 4(h)(1)(B) (providing for service on a foreign corporation within a judicial district of the United States by delivery of a copy of the summons and complaint to an officer of the corporation; 4(h)(2) (providing for service on a foreign corporation in accordance with Rule 4(f) if not within a judicial district of the United States by complying with the Hague Convention).

[26]*See Brand v. Mazda Motor of Amer., Inc.*, 920 F. Supp. 1169, 1172 (D. Kan. 1996).

[27]*Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563 (2012).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant GSL's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) (Doc. 9) is DENIED.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's service of Defendant GSL is quashed. Plaintiff must effectuate service of process of Defendant GSL under the Federal Rules within **sixty (60) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated: July 12, 2013

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE